**Kirk P. ALLEY, Petitioner,**

v.

**Major General M. P. RYAN, Commanding General, 2nd Marine Division, Fleet Marine Force, Camp Lejeune, North Carolina, Respondent.**

Civ. No. 848.

United States District Court,
E. D. North Carolina,
New Bern Division.

Nov. 14, 1970.

**982**

Michael K. Curtis of Smith & Patterson, Greensboro, N. C., for petitioner.

Warren H. Coolidge, U. S. Atty., by Richard J. Bryan, Asst. U. S. Atty., Raleigh, N. C., for respondent.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This cause is now before the court as a Petition for Habeas Corpus filed by a Second Lieutenant in the United States Marine Corps. Issues have been joined by Respondent's Memorandum of Law in Opposition to the Petition for Habeas Corpus.

Petitioner grounds his petition upon the contention that his continued detention in the Marine Corps is in violation of the laws of the United States, particularly the Universal Military Training and Service Act (50 U.S.C.A. App. § 456(j)) which exempts from service those who are conscientiously opposed to participation in war in any form because of religious training and belief. Petitioner prays that this court relieve him of his alleged unconstitutional detention.

## FINDINGS OF FACT

Petitioner entered the Marine Corps through the Navy ROTC program at Holy Cross College and began his tour of active duty in July of 1969. In March, 1970, Petitioner submitted a letter of intention to file for discharge from the Marine Corps as a conscientious objector. And subsequently on April 20, 1970, Petitioner made a formal request for discharge to the Commandant of the Marine Corps on the grounds that he believed "in some Infinite Essence of Being which permeates, and is the ground of the whole universe" and that "(God) exists in each of us in the form of the individual's ability to achieve and participate in the Infinite Goodness" and that "If I were to kill a man or even indirectly support killing as a means to that end, then I would be living contrary to what my religious beliefs command me to do; for I would be destroying other potentially vital parts of God". Endorsements were made by the Battalion Chaplain, the Battalion Commanding Officer, and the Commanding General of the 2d Marine Division recommending approval of Petitioner's application for discharge on grounds of his sincere belief. By letter of August 25, 1970, from the Commandant of the Marine Corps, Petitioner's request for discharge from the Corps as a conscientious objector was rejected. In support of this decision, the Respondent has offered an affidavit from the Senior Member of the Conscientious Objector Board for Officers which states the grounds upon which the Board denied Petitioner's request and which were reviewed by the Commandment before making the final determination. Those grounds for

the disapproval of Petitioner's application are as follows:

(1) "Lieutenant Alley stated that during his third month as a student at The Basic School * * * he began to have an awareness of conscientious objector attitudes. However, during September 1970, [sic] three months after beginning basic school, he submitted a request for classification and assignment following his graduation of his basic class which indicated a desire to be classified as an infantry officer and to serve ground combat. Additionally, he requested assignment to Psychological Operations Staff Officers School because he stated, 'I would be better prepared to perform my duties in Vietnam if I attended either. * * *'";

(2) "Lieutenant Alley made no claim to conscientious objector status prior to his receipt of orders overseas to Western Pacific Area in October 1970, [sic] although he indicated in his application the existence of conscientious objector feeling prior to this time";

(3) "Lieutenant Alley's claim was based primarily upon what he considered in his application to be a conflict between his religious beliefs and the military. * * * However, in a previous entry in the application he stated that the full impact of the irrelevancy of the Catholic Church to his life came to him during his second year in college and he stopped attending church".

## CONCLUSIONS OF LAW

As stipulated by counsel, the applicable law in issue is whether there was a basis in fact for the action of the Conscientious Objector Board for Officers. ▮ The test to be applied to servicemen seeking reclassification as a conscientious objector is whether or not the seeker has a sincere and meaningful belief which is the ultimate motivating force to which all else is subordinated and the status of which is parallel to that filled by a traditional deity. United States ex rel. Brooks v. Clifford, 296 F.Supp. 716 (D.C.S.C., 1969). The strength of the belief or sincerity is the accepted criterion for judging conscientious objector claims. Welsh v. United States, 404 F.2d 1078 (9th Cir., 1968).

▮ Once the claimant has established a prima facie case, the Respondent must come forward with valid reasons for the denial of claimant's application and facts to support the reasons. Mere speculation as to insincerity is insufficient. Bates v. Commander 1st Coast Guard District, 413 F.2d 475 (1st Cir., 1969). Inconsistent statements or actions or a finding of insincerity may support the denial of the conscientious status. Parrott v. United States, 370 F.2d 388 (9th Cir., 1966). The Board must however state the reasons for its denial of the requested classification when the claimant has met the statutory criteria. United States v. Broyles, 423 F.2d 1299 (4th Cir., 1970).

It is not the duty of this court to make an independent determination of whether Petitioner is truly a conscientious objector. If the court finds that the factual grounds listed by the Board to support their denial of the claim are not wholly irrational, arbitrary, or capricious, then the court must deny the petition.

▮ Therefore this court will examine the grounds listed by the Board to see if they have a rational basis to doubt Petitioner's sincerity.

The first ground submitted by the Board was to the effect that while Petitioner stated that he began to become aware of his conscientious objector attitudes during Basic School, some three months after the beginning of the school he requested to be classified as an infantry officer and to serve ground combat. "Given the imprecise psychological process at work the court should be careful

not to interpret such crystallization process in a way which denies relief to sincere conscientious objectors. * * * For some persons just reading and discussing is enough to cause them to make the emotional and mental commitment to oppose participation in war. Other persons, like petitioner, need to go through the actual experience of combat training, the experience of learning to handle and use weapons of destruction before their beliefs crystallize into commitment." Goodwin v. Laird, 317 F.Supp. 863 (N.D.Calif.1970). This court is reluctant to accept such action or nonaction upon Petitioner's part as evidence of insincerity.

The second factual circumstance which lead the Board to reject Petitioner's claim is in essence very much like the first ground, this being that Petitioner did not file his formal application for conscientious objector status until after receiving orders for the Western Pacific Area. "It is to be borne in mind that, assuming arguendo that the prospect of assignment in Vietnam may have played a role in petitioner's decision, this would not in and of itself support a basis in fact for the Army's refusal to accord this petitioner his rights under the law." Ross v. McLaughlin, 308 F. Supp. 1019 (E.D.Va.1970).

The third fact which the Board used as a basis to conclude that Petitioner is insincere was his statement that in his second year of college he felt the full impact of the irrelevancy of the Catholic Church to his life. The fact that Petitioner was raised in the Roman Catholic faith, abandoned it, and at the time of his request for discharge held and now holds different religious beliefs is no basis in fact for a finding of insincerity. United States ex rel. Confield v. Tillson, 312 F.Supp. 831 (S.D.Ga.1970). "A sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exception comes within the statutory definition." United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

Thus having concluded that there is no basis in fact for the Marine Corps' ultimate refusal to grant the Petitioner the relief sought, it is this court's responsibility and obligation to cause the writ of habeas corpus to issue.

### ORDER

Now therefore, in accordance with the foregoing, it is:

Ordered, that the Petition for Habeas Corpus be and the same is hereby, Allowed; and,

Further ordered, that the Petitioner be discharged from the United States Marine Corps and be ordered by his local selective service board to perform for a period equal to that period remaining in his tour of active duty such civilian work contributing to the maintenance of the national health, safety, or interests as the local board pursuant to Presidential regulations may deem appropriate.

Let this order be entered forthwith.